

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-6221
Re: Nepotism: (1) first cousins of
principals not to be appointed
deputy; (2) brother-in-law of
County Commissioner as deputy
County Tax Assessor-Collector.

Your letter of recent date has been received. You submit the following questions:

"1. May the newly elected Tax Assessor-Collector legally appoint as his deputy his first cousin by blood? This blood cousin has been working for the present or outgoing Tax Assessor-Collector for the past 20 years, but is not related to him.

"2. May the Tax Assessor-Collector legally appoint as his deputy a brother-in-law of one of the members of the Commissioners' Court?"

The applicable statute is Article 432, Penal Code. It reads as follows:

"No officer of this State or any officer of any district, county, city precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which

such person so appointing or voting may be a
member, when the salary, fees, or compensation
of such appointee is to be paid for, directly or
indirectly, out of or from public funds or fees
of office of any kind or character whatsoever."

First cousins are related by consanguinity in the
second degree. Tyler Tap Railroad Co. v. Overton, 1 App. Ct. of
Appeals 267, sec. 535.

You are accordingly advised that the newly elected County
Tax Assessor-Collector may not legally appoint as his deputy his
first cousin. If he does make such appointment he will be amen-
able to punishment as prescribed by Article 437, Penal Code, and
will be guilty of official misconduct. The fact that the cousin
has been working in the office as a deputy of the retiring tax
assessor-collector, to whom he is not related, is immaterial.
Each two-year term of office is a distinct and new administra-
tion within the purview of the statute providing authority for
the appointment of deputies. (Art. 3902, Vernon's Annotated
Civil Statutes of Texas, as amended.)

Your second question is answered in the affirmative.
Reference to Article 432, Penal Code, supra, discloses that the
offense consists of appointing, voting for, or confirming the
appointment of a person related within the prohibited degree of
relationship. Article 3902, V.A.C.S. makes provision for a
County officer's deputies and prescribes the procedure to be
followed. Under the express provisions of that article the
Commissioners' Court has no authority to designate the appointee
and has no duty to confirm him.

The specific question is answered in full in our Opinion
No. 0-1954, a copy of which is enclosed. We adhere to the con-
clusions therein expressed.

Yours very truly
ATTORNEY GENERAL OF TEXAS

BW:fo:wc                                    By s/Benjamin Woodall
Encl.                                            Benjamin Woodall
                                                 Assistant

APPROVED SEP 23, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman